UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
15-CV-2210 PJS/BRT

RONALDO LIGONS,
BARRY MICHAELSON,
LAWRENCE A. MAXCY,
DEVON FARLEY,
individually, and on behalf of those similarly situated,

    Plaintiffs,

v.

MINNESOTA DEPARTMENT OF CORRECTIONS,

THOMAS ROY,
Minnesota Commissioner of Corrections,
in his official capacity,

DR. DAVID A. PAULSON, M.D.,
in his official capacities for actions
under color of law as Medical Director,
Minnesota Department of Corrections,

NANETTE LARSON,
in her official capacities
for actions under color of law as Health Services Director,
Minnesota Department of Corrections,

    Defendants

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO AMEND SCHEDULING ORDER TO ALLOW AMENDMENT OF THE COMPLAINT AND TO ALLOW JOINDER OF NEW PLAINTIFFS

### Introduction

Plaintiffs respectfully move the Court to amend the scheduling order, to amend their complaint, and to allow joinder of two new Plaintiffs, Lawrence Maxcy and Devon Farley, in accordance with Fed. R. Civ. P. 16(b), 15(a), 19(a), and LR D. Minn. 16.3.

1

Plaintiffs respectfully bring this motion for amending pleadings and joining additional parties on account of intentional actions by the Defendants, taken after the court-prescribed 4 January 2016 deadline, that have changed the nature of suit before the Court. Defendants' Motion for Summary Judgment (Doc. 157-158) argues that, because of the actions defendants have taken, Plaintiffs' Second Amended Complaint is moot and Plaintiffs lack standing, thus making amendment and joinder of additional Plaintiffs necessary.

1. The Defendants unilaterally began to treat Plaintiff Ronaldo Ligons for hepatitis C in January 2017 with daily direct-acting antiviral (DAA) medication for reasons not known to Plaintiffs.

2. Mr. Ligons' treatment ended successfully 84 days later in late April, after summary judgment briefing began.

3. In spite of Mr. Michaelson and Mr. Ligons having a November, 2016 prescription from Dr. Julie Thompson, M.D. for Harvoni or its equivalent, and the Defendants' actual knowledge of the prescriptions, the Commissioner of Corrections released Plaintiff Barry Michaelson from custody in MCF Stillwater on 27 March 2017, without treating him for hepatitis C.

4. Lawrence Maxcy, a Minnesota Department of Corrections inmate, demanded treatment for his case of Hepatitis C, the Defendants denied treatment to him, and he exhausted his administrative remedies.

5. Devon Farley, a Minnesota Department of Corrections inmate, was lodged in the Meeker County Jail from 2015 to 2016.  He tested negative before he left Meeker

2

County. He tested positive for hepatitis C after his return to MCF Faribault in 2016. Mr. Farley demanded treatment for hepatitis C. The Defendants denied treatment to him. Mr. Farley exhausted his administrative remedies in March 2017.

On 18 February 2016 Defendants disclosed the April 15, 2015 HCV Treatment protocols which admit the AASLD/IDSA standard of care governs treatment of HCV, as first alleged in Plaintiffs' initial Complaint and Second Amended Complaint, more than a month after the 4 January 2016 date for amendment of the complaint. The January 16, 2016 DOC protocol eliminates chemical dependency treatment and adopts many of the remedies demanded in the Second Amended Complaint, although it does not provide DAA treatment for all HCV-infected patients required by the AASLD/IDSA standard of care.

6. Defendants disclosed the 8 April 2015 publication, "Hepatitis C (HCV) Treatment in the Minnesota Department of Corrections" to the Plaintiffs on 18 February 2016. AGO_4075-4077, one-and-one-half months after the court-ordered amendment-and-joinder deadline. ECF158, 4.

7. The 16 January 2016 protocol is dated 12 days after the deadline for amending pleadings and joining parties. Defendants disclosed the 16 January 2016 Minnesota Department of Corrections protocol for the treatment of Hepatitis C to the Plaintiff on 18 February 2016 -- one-and-one-half months after the court-ordered amendment-and-joinder deadline.

Both the 8 April 2015, and the 16 January 2016 Department of Corrections publications manifest unconstitutional deliberate indifference to the serious medical needs of HCV-

3

infected inmates in their knowing violations of the AASLD/IDSA standard of care, by withholding treatment for inmates with fibrosis scores less than 3 -- the majority of HCV infection cases. As of March 2017 the total treated were 77, according to DOC. ECF158 ¶1.

8. The non-medical "corrections standard of care," was not advanced as a defense until the Kendig Report was disclosed during discovery in November 2016, which partially admits Plaintiffs' claims regarding the primacy of the AASLD/IDSA standard of care; moreover, Defendants have cited no case to support a "correctional exception" to the professional medical standard of care.

9. The Defendants' manufacture of a "correctional standard" of medical care comprises a mere pretext to inject the nonconstitutional factor of cost into the Court's Eighth Amendment analysis of the Plaintiffs' claims.

10. In the factual pleadings in each of their complaints and amended complaints, Plaintiffs have always stated a claim for irrational discriminatory denial of the standard of medical care because of their disability, HCV, in comparison to the provision of the Twin Cities standard of care for HIV infected inmates, in violation of the Rehabilitation Act, Title II of the ADA, and the Equal Protection Clause of the Fourteenth Amendment.

11. Plaintiffs amend their complaint to seek prospective injunctive relief on their Eighth Amendment claims, and legal relief on their §504/Title II/Equal Protection Claim III against the state – and no other Defendant.

Defendants' post-amendment-and-joinder deadline actions manifest calculated intent to

thwart the Plaintiffs for the sake of this lawsuit, not for any concern for their health or fully complying with the AASLD/IDSA standard of care.  Plaintiffs bring this combined motion now, because the Defendants' post-deadline actions, culminating during dispositive motion briefing, arguing mootness, make it necessary.  The only question now before the Court is whether a *separate* standard of care applies in prisons than the AASLD/IDSA medical standard of care that applies to HCV patients outside of prisons.  The Amended Complaint is, therefore, narrowly drawn.

## Governing Law

LR D. Minn. 16.3 and Fed. R. Civ. P. 16(b) require good cause for enlargement of the scheduling order to allow Fed. R. Civ. P. 15(a) amendment of the complaint and Fed. R. Civ. P. 19(a) joinder of additional parties.  See *Bradford v. Dana Corp.*, 249 F.3d 307, 309 (8th Cir. 2001).  The movant's diligence is critical.  *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006), citing *Bradford* at 309, *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2009), *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 395 (8th Cir. 2016) (same).  Although the movant's diligence is the primary consideration, the Court may consider the prejudice to the nonmovant.  *Sherman*, 532 F.3d at 717.  Reopening of discovery, additional discovery costs, trial delay, and reformation of trial tactics and strategies are "prejudice factors".  Id., *Kozlov* at 395.

Once the movant clears Rule 16(b)'s hurdles, in the absence of "undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment", id., citing *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008), the Court should freely grant leave to amend the

5

complaint in accordance with Rule 15(a) and allow Rule 19(a) joinder.  *Sherman* at 715.

### Argument

<u>Plaintiffs Are Acting
With Necessary Diligence
In Spite of the Defendants' Post-Deadline
Actions That Demonstrate Intent to Thwart
The Plaintiffs, without Regard to the Plaintiffs' Health.</u>

In spite of the Defendants' calculated delays and their creation of new, material facts on the ground which, Defendants argue, moot out Plaintiffs' claims and deny them standing, Plaintiffs are acting with the diligence that Rule 16(b) and Local Rule16.3 require.

A.  Ronaldo Ligons

The Defendants chose to treat Mr. Ligons with DAAs in January 2017, six weeks after their actual knowledge of his Harvoni prescription from Dr. Thompson. Although he is grateful for having been cured, there has never been any showing he actually fits within the January 16, 2016 protocol and has the requisite FIB3 or 4 fibrosis levels. His twelve-week treatment ended in late April, 2017, in the midst of dispositive motion briefing.  If he was treated for the purpose of mooting this lawsuit, or on humanitarian grounds, alone, is not known to Plaintiffs, but Defendants have claimed his treatment has mooted the case nonetheless.

This lawsuit named Doe, Roe, Miles, and Stiles as unnamed inmates of a subclass of inmates who were cured, or free from, hepatitis C infection, and who did not want to be infected.  <u>Defendants</u> created the new, material fact of Mr. Ligons' treatment one year after the amendment and joinder deadline.  Mr. Ligons is now a named Plaintiff for this subclass.  Because this motion followed one month after the end of Mr. Ligons' treatment

6

in April, 2017, Defendants assertion of mootness and lack of standing in their motion pleadings, and because Mr. Ligons' treatment could not have possibly been known to the Plaintiffs before the 4 January 2016 amendment and joinder deadline, Plaintiffs have shown the diligence Rules 16(b) and 16.3 require. *Bradford*, 249 F.3d at 309, *Rahn*, 464 F.3d at 822, *Kozlov*, 818 F.3d at 395 (contrasting cases in which Plaintiffs knew facts and theories before amendment deadline and failed to act).

As to the secondary factor of prejudice, *Sherman*, 532 F.3d at 717, in Mr. Ligons' case, there is no need for new discovery. The 16 January 2016 MN DOC hepatitis C treatment protocol violates the AASLD/IDSA medical standard of care for hepatitis C. The case remains the battle of the AASLD/IDSA medical standard of care vs. the non-medical, self-referential, Minnesota Department of Corrections "correctional standard of medical care,"

The Defendants delayed Mr. Ligons' treatment in violation of the AASLD/IDSA medical standard of care, and then argued that Plaintiffs' case was now moot, while leaving at least 1,500 infected MN DOC inmates untreated, contrary to the AASLD/IDSA standard of care. The proposed third amended complaint reflects Mr. Ligons' new status as an inmate treated for HCV who does not want to be reinfected.

The proposed amended complaint reduces the number of classes, claims, and continues the assertion of the AASLD/IDSA standard of medical care; it is considerably shorter than the second amended complaint on account of post-amendment-and-joinder deadline changes by the Defendants in hepatitis C treatment that, although an improvement over earlier MN DOC treatment protocols, remain in violation of the AASLD/IDSA standard of care.

As to Mr. Ligons, the amended complaint requires no new discovery. The court has yet to set a trial date. As the Defendants have caused the post-deadline changes that have made the amendment necessary, Defendants cannot claim prejudice. *Sherman*, 532 F.3d at 717, *Kozlov*, 818 F.3d at 395. Accordingly, the Court should grant the Plaintiffs' Rule 16(b) and 16.3 motion to enlarge the scheduling order and their Rule 15(a) motion to amend the complaint.

Now the Defendants seek to moot this case by virtue of their releasing Mr. Michaelson without treating him, in spite of Dr. Thompson's prescription, and in spite of the Defendants' continuing violation of the AASLD/IDSA medical standard of care for treatment of hepatitis C – treat every case of infection regardless of fibrosis score, with narrow comorbidity exceptions that did not apply to Mr. Michaelson. As in the case of Mr. Ligons, the Defendants changed the material facts on the ground more than one year after the deadline for amendment and joinder of new parties. Defendants are seeking a tactical and strategic advantage at the Plaintiffs' expense on account of actions that the Defendants took, which were totally in their control as to Mr. Michaelson, specifically, his release without treatment. As to Mr. Michaelson, the Defendants are not prejudiced by their actions; Plaintiffs are disadvantaged. With no change to the theory of the case or claims, and with no effect on the trial date, the third amended complaint presents the new facts as to the Commissioner's release of Mr. Michaelson. Mr. Michaelson is only an individual, not class representative plaintiff, who was denied the medical standard of care for HCV, in spite of the fact he had a prescription for Harvoni or its equivalent that the Defendants could have filled and completed before Mr. Michaelson was discharged.

The Court should grant Plaintiffs' motion for leave to file and serve their third amended complaint.

B. Lawrence Maxcy and Devon Farley

Lawrence Maxcy and Devon Farley are current MN DOC inmates at MCF Faribault. Messrs. Maxcy kited for DAA treatment for his case of HCV. He grieved the denial of his kites to exhaustion, with Defendant Health Services Director Nanette Larson's final denial. (Nickitas Declaration in Support of Unified Memorandum, Ex. Q, ECF142). Mr. Maxcy remains untreated for HCV.

As a MN DOC inmate in 2015, Mr. Farley tested negative for HCV before his one-year lodging in the Meeker County Jail by the Commissioner of Corrections from 2015 to 2016. He tested negative for HCV while lodged in Meeker County. After his return to MCF Faribault in 2016, he tested positive. He kited for DAA treatment for HCV, and was denied. He grieved his denial to exhaustion, with the final denial by Health Services Director Nanette Larson in March, 2017. (Nickitas Declaration in Support of Unified Memorandum, Ex. R, ECF142).

With this motion two months after exhaustion, Mr. Farley acted diligently to assert his rights as an inmate and HCV patient. *Bradford*, 249 F.3d at 809, *Sherman*, 532 F.3d at 716-17. With the fact of his infection undisputed, with the fact of Mr. Farley's infection while in MN DOC custody established, with the central issue remaining the AASLD/IDSA medical standard of care for the treatment of HCV versus the Defendants' self-referential, unsupported, non-medical "correctional standard of medical care," with the theory of the case unchanged, and with no scheduled trial looming, the Defendants changed the material

9

facts on the ground as to Mr. Farley, and thus cannot claim prejudice when Mr. Farley is acting diligently to assert his rights and get the cure for HCV. *Sherman*, 532 F.3d at 717, *Kozlov*, 818 F.3d at 395. The relevant discovery with respect to Mr. Maxcy and Mr. Farley can be limited to their HCV status which would establish their eligibility for treatment under the AASLD/IDSA standard of care.

Moreover, Mr. Maxcy and Mr. Farley seek to represent the interests of those MN DOC inmates who are HCV-positive (by RNA test) that Defendants have attempted to "moot-out" by treating Mr. Ligons' HCV and releasing Mr. Michaelson. The timely entry of Mr. Maxcy and Mr. Farley into this matter defeats Defendants' attempts to repeatedly violate the AASLD/IDSA standard of care while evading review. Defendants can hardly claim prejudice from adding two HCV-positive inmates to substitute for those Plaintiffs that Defendants' admit their own actions have attempted to "moot out" as class representatives, and to strip named class representatives of standing. Accordingly, the Court should grant Messrs. Maxcy's and Farley's Rule 16(b) and 19(a) motion to enlarge the scheduling order to enable them to join the lawsuit as Plaintiffs who are current MN DOC inmates with the HCV infection.

C. Third Amended Complaint

The Second Amended Complaint reflected facts at the time it was drafted that have changed dramatically at the level of the HCV standard of care, and the facts directly related to this case. The AASLD/IDSA Guidance Panel has continued to update the website to which all other professional bodies refer for guidance in the treatment of HCV to make clear "priorization" based on fibrosis score is no longer acceptable. www.hcvguidelines.org.

10

The Defendants' HCV treatment protocols no longer include Interferon, or require chemical dependency treatment, which was not the case in October 2015 according to the Defendants' April 2015 HCV protocols. The April 2015 DOC guidelines were not served on Plaintiffs until February 18, 2016. But, since 2015, Defendants have recognized the AASLD/IDSA as the source of the medical standard of care, at least for patients who are not prisoners. Defendants now claim to be treating HCV patients with DAA drugs at fibrosis levels FIB3 and FIB4, although they admit this amounts to only 77 persons thus far. ECF158 ¶1. These are all important new facts created by the Defendants. Nonetheless, they manifest continuing deliberate indifference to the serious medical needs of HCV-infected inmates in violation of the Eighth Amendment, and deliberate indifference to the serious medical needs of non-infected inmates, who can be as easily infected by an inmates with a FIB score of 1 as an inmate with a FIB score of 4.

After the 4 January 2016 deadline for amendment had passed, the Defendants adopted many of the remedies requests by Plaintiffs, including DAA treatment of one of the named Plaintiffs. The Third Amended Complaint reflects the current factual situation and simplifies the remaining issues: claims for monetary damages are eliminated; classes are reduced to two; the scope of injunctive relief is necessarily narrowed; and the §504/Title II/Equal Protection Claims that have been set forth in all complaints are made explicit in Claim III. Moreover, Claim III makes it clear that the only prayer for legal relief against the State, and no other defendant lies in §504 and ADA Title II Claim III

The central issue remains the same: with both sides agreeing that the AASLD/IDSA medical standard of care, applies to HCV patients outside of the prison context, the

Defendants' continued denial of the standard of medical care, to treat all HCV patients without regard to FIB score and who have long enough sentences to receive daily, curative treatment, manifests unconstitutional deliberate indifference to the serious medical needs of infected inmates, and deliberate indifference to the serious medical needs of inmates who do not want to be infected.

## Conclusion

The Court should grant the Plaintiffs' motion to enlarge the scheduling order to allow amendment of the complaint, to identify Mr. Ligons as lead plaintiff for a class of uninfected inmates who wish to stay uninfected, and joinder of Messrs. Maxcy and Farley as Plaintiffs.

Date: 3 June 2017                    Respectfully submitted:

PETER J. NICKITAS LAW OFFICE, L.L.C.

/s/ *Peter J. Nickitas* (electronically signed)

_____
Peter J. Nickitas, MN Att'y #212313
Co-counsel for Plaintiffs
431 S. 7th St., Suite 2446
Minneapolis, MN 55415
651.238.3445/FAX 1.888.389.7890
peterjnickitaslawllc@gmail.com

LAW OFFICE OF C. PETER ERLINDER
/s/C. Peter Erlinder (electronically signed)

_____
C. Peter Erlinder, MN Att'y #0398765
Co-Counsel for Plaintiffs
1043 Grand Ave. W., Suite 28
St. Paul, MN 55104
651.271.4616
proferlinder@gmail.com