UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ronaldo Ligons, et al., | Civil No.: 15-CV-2210 (PJS/BRT) |
| Plaintiffs, | |
| vs. | **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND THE SCHEDULING ORDER** |
| Minnesota Department of Corrections, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiffs' present motion, (Doc. 170), a follow-on attempt to change position in the wake of Defendants' pending motion for summary judgment, should be denied. Plaintiffs have inappropriately and deliberately left Defendants in the dark as to the intent and proposed effect of the motion now at issue. (*Id.* at 2 (explaining Plaintiffs did not meet and confer in accordance with the Local Rules based on their belief it would be "futile").) On its face, Plaintiffs' motion appears to solely request that the Court grant leave "to amend [*sic*] the scheduling order per Fed. R. Civ. 16(b) and LR D. Minn. 16.2," so that they may later move to serve and file a Third Amended Complaint and add two new plaintiffs to avoid summary judgment.[1] However, Plaintiffs' memorandum of law attempts to go much further, apparently requesting all of this relief—modification,

---

[1] L.R. D. Minn. 16.2 does not have anything to do with modification of a scheduling order. In any event, the Rules contemplate "modification" of a scheduling order, not amendment. *See* Fed. R. Civ. P. 16(d); L.R. 16.3.

amendment, and joinder—be granted on a single motion. (Doc. 173.) Defendants are left to wonder what Plaintiffs actually want. Liberally construed, Plaintiffs' motion seeks to fundamentally reorder this suit late in the litigation, by introducing new plaintiffs, repleading abandoned claims, and discarding significant portions of the operative complaint. The relief Plaintiffs appear to seek should be denied because, in addition to procedural infirmities under the Local Rules, court-ordered deadlines to amend the pleadings passed almost 18 months ago, Plaintiffs have not been diligent in litigating this matter, and this untimely motion prejudices Defendants.

## PROCEDURAL HISTORY

Plaintiffs commenced this action over two years ago, by filing a Complaint on May 1, 2015. (Doc. 1.) The Complaint alleged that Plaintiffs Ronaldo Ligons and Barry Michaelson, who were both incarcerated in Minnesota prisons, had an immediate need for Hepatitis C treatment. (*Id.*) Plaintiffs made claims against the DOC, its Commissioner, in his official capacity Centurion Managed Care, and a number of Centurion medical practitioners. (*See generally id.*)[2] Before Defendants answered or otherwise responded, Plaintiffs filed a First Amended Complaint on June 3, 2015. (Doc. 11.) On October 15, 2015, the same day as the Rule 16 Pretrial Conference, (*see* Doc. 38), Plaintiffs filed affidavits of two of their expert witnesses. (*See* Docs. 36, 37.)

---

[2] The DOC contracts with Centurion to provide medical services and day-to-day medical care to DOC inmates. (Doc. 115 ¶ 5.)

On October 20, 2015, the parties stipulated to Plaintiffs filing and serving a Second Amended Complaint. (Doc. 40.) On October 27, 2015, the Court granted leave to Plaintiffs to file and serve their Second Amended Complaint. (Doc. 41.) On October 29, 2015, Plaintiffs filed a Second Amended Complaint. (Doc. 42.)

On November 2, 2015, the Court issued a Pretrial Scheduling Order setting a deadline of January 4, 2016, for motions to join other parties and to amend the pleadings. (Doc. 43 at 3.)

On February 19, 2016, Plaintiffs stipulated to the dismissal of claims against Dr. Hanson, one of the Centurion doctors. (Doc. No. 49.) The Court dismissed him from the action on February 23, 2016. (Doc. No. 78.)

On October 5, 2016, the parties attended an all-day settlement conference with Magistrate Judge Thorson. (Doc. 73.) A "[c]onfidential [s]ettlement" was reached between Plaintiffs and Dr. Quiram and Centurion. (*Id.*) Dr. Quiram and Centurion were later dismissed with prejudice. (Doc. 80.)

On October 30, 2016, Plaintiffs filed the report of their third expert witness. (Doc. 79.) Discovery ended on December 30, 2016. (Doc. 77.)

On March 28, 2017, Defendants filed a motion for summary judgment as to all claims, with hearing set for June 26, 2017. (Doc. 100, 104, 105.) The hearing was reset by the Court to July 26, 2017. On April 14, 2017, Plaintiffs sought an extension of the briefing schedule to accommodate their counsel's other commitments. (Docs. 130, 133.) Defendants did not oppose the extension, and the Court granted it, extending the deadline for Plaintiff's response to Defendants' motion and to bring their own dispositive motions

to April 26, 2017.  (Docs. 132, 134.)  Plaintiffs thereafter filed a unified memorandum in opposition to Defendants' motion and in support of their motions for a preliminary injunction, to exclude expert testimony, for class certification, and for partial summary judgment.  (Doc. 141.)

On May 24, 2017, Defendants filed a memorandum as a reply in support of their motion for summary judgment and response in opposition to Plaintiffs' motions. (Doc. 157.)

On June 4, 2017, Plaintiffs filed the present motion seeking "leave to amend the scheduling order per Fed. R. Civ. P. 16(b) and LR D. Minn. 16.2, to move for leave to amend the complaint in accordance with Fed. R. Civ. P. 15(a), and to join additional plaintiffs in accordance with Fed. R. Civ. P. 19."  (Doc. 170.)  Plaintiffs did not meet and confer in advance of filing their motion, asserting that to do so would be "futile." (Doc. 172 at 2.)

## LEGAL STANDARD

Plaintiffs must show good cause to set aside the Scheduling Order and allow late amendment and joinder.  Plaintiffs' present motion to modify the scheduling order comes over a year after the Court's January 4, 2016 deadline to amend pleadings or join parties. (*See* Doc. 43 at 3.)  "[W]hen a motion to amend is filed after the expiration of the applicable deadline in the Court's Scheduling Order, Rule 15(a)'s permissive test no longer applies, and instead the tougher 'good cause' standard applies under Rule 16(b)(4)."  *Target Corp. v. LCH Pavement Consultants, LLC*, 960 F. Supp. 2d 999, 1004 (D. Minn. 2013) (Keyes, J.); *see also EEOC v. Hibbing Taconite, Co.*, 266 F.R.D. 260,

265 (D. Minn. 2009) (quoting *Alholm v. Am. Steamship Co.*, 167 F.R.D. 75, 77 (D. Minn. 1996)) ("Where . . . the deadline for the amendment of the pleadings has expired, the propriety of an extension, so as to allow consideration of a Motion to Amend, 'is most properly considered within the framework of Rule 16(b)[.]'"). "If the Court were to apply Rule 15(a) to a motion to amend when the scheduling order deadline has passed, Rule 16(b)(4) and its good cause requirement would essentially be read out of the Federal Rules of Civil Procedure." *Mountain Marketing Group, LLC v. Himerl & Lammers, LLC*, ("*Mountain Marketing I*"), No. 14-846, 2015 WL 11090348, at *2 (D. Minn. 2015) (Thorson, J.).

> The good cause standard is exacting. The focus of this exacting test is on the diligence with which the moving party attempted to comply with the scheduling order's deadlines and not on the prejudice to the nonmoving party. Ultimately, . . . the Court asks whether the moving party has demonstrated that the existing schedule cannot reasonably be met despite the diligence of the party seeking the extension.

*Id.* (citations and quotation marks omitted); *accord Sherman v. Winco Fireworks*, 532 F.3d 709, 717 (8th Cir. 2008). "When the moving party should reasonably have discovered the claim or defense it seeks to add is highly relevant to assessing diligence." *Harris v. Chipotle Mexican Grill, Inc.*, No. 13-cv-1719, 2016 WL 5952734, at *3 (D. Minn. 2016) (Nelson, J.).

Once a party has met the primary focus of the good cause standard by demonstrating their diligence, the Court may consider prejudice to the nonmovant. *Grage v. N. States Power Co.*, No. 12-2590, 2014 WL 12610147, at *5 (D. Minn. 2014) (Mayeron, J.) (collecting cases). "Motions that would prejudice the nonmoving party by

5

'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy' are particularly disfavored." *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 395 (8th Cir. 2016) (quoting *Steir v. Girl Scouts of the U.S.A.*, 383 F.3d 7, 12 (1st Cir. 2004)).

Furthermore, the Local Rules specify actions a party must take attendant to any proposed modification. "A party that moves to modify the scheduling order must (1) establish good cause for the proposed modification; and (2) explain the proposed modification's effect on any deadlines." L.R. 16.3(b). Like any other motion, a motion to modify the scheduling order must comply with the meet and confer requirement. L.R. 7.1(a). A motion seeking leave to amend a complaint or other pleading must include a copy of the proposed amended pleading and a version that shows how the proposed amended pleading differs from the operative pleading. L.R. 15.1(b).

## ARGUMENT

The scheduling order is the keystone of the primary goals of the judiciary: "to secure the just, speedy, and inexpensive determination of every action." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (quoting Fed. R. Civ. P. 1). Decisions about the progress of this litigation, including when and whether to bring motions for a preliminary injunction and class certification, to amend the complaint, and to join parties, are solely vested with Plaintiffs and their counsel. Having waited over two years, they now seek to amend their Complaint for a third time to fundamentally change this case. This untimely and prejudicial motion must be denied. The relief Plaintiffs seek is simply a transparent attempt to avoid summary judgment. Plaintiffs'

attempt to move the goalposts late in the game must be rejected because the record plainly demonstrates Plaintiffs could reasonably be expected to have discovered, or were actually aware of, the grounds for the proposed amendment long before the present motion. Alternatively, if somehow Plaintiffs demonstrate they acted with due diligence, prejudice to Defendants and Plaintiffs' brazen defiance of the Local Rules justify denying the motion at bar.

## I. PLAINTIFFS' MOTION MUST BE DENIED BECAUSE THEY HAVE NOT ACTED DILIGENTLY.

The record plainly demonstrates that Plaintiffs have not acted diligently in litigating this action. Their carelessness in drafting pleadings is no reason to grant relief from the Court's Scheduling Order at this late date. *Hibbing Taconite*, 266 F.R.D. at 265.

Plaintiffs' Proposed Third Amended Complaint seeks to add new plaintiffs and a cause of action grounded in the Equal Protection Clause. (*See generally* Doc. 174.) These proposed amendments are not drawn from new information or changed circumstance. Neither branch of Plaintiffs' proposed amendment is based on changed circumstance or new facts recently revealed to Plaintiffs. Modification of the Scheduling Order to accommodate Plaintiffs' indolence is not warranted. *See Grage*, 2014 WL 12610147, at *5 (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340–41 (2d Cir. 2000) (a party does not meet the good cause standard under Rule 16(b) if the relevant information on which it based the amended claim was available to it earlier in the litigation); *Johnson v. Mammoth Recreations, Inc.*, 195 F.3d 430, 437 (9th Cir. 1992) (no good cause for modification of the scheduling order where party received

7

notice that the complaint did not name all necessary parties far in advance of the deadline for amendment).

Plaintiffs have always been aware of the availability and factual grounds for their "new" Equal Protection Claim. Plaintiffs included this very claim in their initial Complaint. (*Compare* Doc. 1 ¶¶ 160–72 *with* Doc. 174 ¶¶ 102–11.) The same claim was included in the Amended Complaint. (*Compare* Doc. 11 ¶¶ 164–76 *with* Doc. 174 ¶¶ 102–11.) Plaintiffs elected to omit any cause of action grounded in the Equal Protection Clause from the now operative Second Amended Complaint. (*See generally* Doc. 42.) Plaintiffs' desire to reassert this claim without further material factual elaboration, having known and stated it in the past, is not good cause for modification of the Scheduling Order. *See Grage*, 2014 WL 12610147, at *5; *Parker*, 204 F.3d at 340–41; *see also Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, No. 09-1091, 2010 WL 4193076, at **6–7 (D. Minn. Oct. 7, 2010) ("[A] party does not meet the good cause standard under Rule 16(b) if the relevant information on which it based the amended claim was available to it earlier in the litigation.")

Likewise, Plaintiffs have had all the information necessary to alert them to the need to name additional plaintiffs since long before the expiration of the deadline for amendment. Plaintiffs have long known that the Department actively monitors and evaluates inmates with active HCV infection and consequently that treatment of either named Plaintiff was possible. Each iteration of the complaint has implicitly recognized this fact by including unnamed placeholder Plaintiffs. It is also no secret that each of the named Plaintiffs is sentenced to a period of incarceration that is set to end on a date

certain. Plaintiffs are responsible for the timing of their complaint and their motions seeking relief. The fact that this litigation has languished past one named Plaintiff's release date is no fault of Defendants. Plaintiffs' oversight of this crucial timing issue is certainly a fact and factor that Plaintiffs should have been aware of and should have considered as they litigated this case. This oversight and strategic misstep is not good cause to modify the scheduling order. *See Johnson v. Mammoth Recreations, Inc.*, 195 F.3d at 437.

The timing of production of the Department's HCV Guidelines does not create good cause for Plaintiffs' proposed modification of the Scheduling Order. (*Contra* Doc. 173 at 11.) Even if these documents were produced to Plaintiffs after the deadline for amendment, Plaintiffs own admissions demonstrate they have had ample time to review these documents and determine whether they require an amended pleading. The Department's April 2015 HCV Guidelines were produced to Plaintiffs in Defendants' Initial Disclosures on February 18, 2016. (Doc. 160, 161.) The Department's January 2016 HCV Guidelines and were also produced to Plaintiffs on February 18, 2016. (*See* Doc. 109-1 at 39-40 (2016 HCV Guidelines bates stamped 4080-81); Doc. 160 at 3 (certificate of service); Doc. 161 at 9.)[3] Plaintiffs affirmatively acknowledge that they received both the Department's April 2015 HCV Guidelines and the Department's January 2016 HCV Guidelines. (Doc. 161 at 9.) Plaintiffs have had more than enough time to consider the effect of the Department's guidelines on their litigation position and

---

[3] Docket reference page numbers cited herein refer to the ECF header.

determine whether amendment of their pleading is necessary. Plaintiffs may not now claim they have acted diligently to justify modification of the scheduling order, when these facts have been in their possession for nearly sixteen months.

Recent decisions in this Court are nearly unanimous in holding that such an extensive delay fails to evince due diligence to justify modification of the scheduling order to accommodate a late amendment to a pleading. *See, e.g.*, *Harris*, 2016 WL 5952734, at *3 (more than six month delay between discovery of facts and proposed amendment not diligent); *Mountain Marketing Group v. Heimerl & Lammers, LLC*, ("*Mountain Marketing II*"), No. 14-cv-846, 2015 WL 1954393, at **3–4 (D. Minn. 2015) (seven week delay between discovery of unpled affirmative defense and proposed amendment not diligent); *Grage*, 2014 WL 12610147, at *8 (six month delay between discovery of claim and proposed amendment not diligent); *Promotional Marketing Insights, Inc. v. Affiliated Computer Services, Inc.*, No. 11-2795, 2013 WL 4747261, at *4 (D. Minn. 2013) (ten month delay between discovery of necessary documents and proposed amendment not diligent). Plaintiffs' failure to submit an affidavit in support of their motion is an additional basis to deny their untimely motion. *See Hodak v. Madison Capital Mgmt., LLC*, No. 5:07-5, 2008 WL 2945919 (E.D. Ky. 2008) (denying motion to modify scheduling order where summary judgment was pending and plaintiff did not file affidavit outlining reasons justifying modification).

Plaintiffs' motion to modify the scheduling order is another manifestation of their attempt to recast this action now that they are aware that the operative complaint is legally deficient. (*See, e.g.*, Doc. 157 at 18–19 (discussing shifting class action

allegations).)  "A misconception of the law is not an excuse for the late presentation of an alternative theory of recovery."  *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir. 1973); *accord Target Corp.*, 960 F. Supp. 2d at 1009.  A late call for leave to amend to avoid the effect of summary judgment is improper.  *Kleinhans v. Lisle Savings Profit Sharing Trust*, 810 F.2d 618, 625–26 (7th Cir. 1987); *see also Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 841 (8th Cir. 2004) (affirming denial of leave to amend after the close of discovery and after motions for summary judgment were fully briefed).

Even if Plaintiffs' counsel's delay was attributable to a mistake or misapprehension of the applicable law, good cause does not lie for amendment of the Scheduling Order.  *See Ewald v. Royal Norwegian Embassy*, No. 11-CV-2116, 2012 WL 12895051, at *4 (D. Minn. 2012).  Plaintiff's motion to modify the scheduling order must be denied because Plaintiffs have not met the exacting standard for good cause by showing they acted with due diligence.

**II.   EVEN IF PLAINTIFFS HAVE SHOWN DUE DILIGENCE, PREJUDICE TO DEFENDANTS REQUIRES ADHERENCE TO THE SCHEDULING ORDER.**

Even if it is presumed that Plaintiffs acted diligently, Plaintiffs' proposal to modify the Scheduling Order at this late date must be rejected because it would prejudice Defendants' ability to defend this action.  *See Grage*, 2014 WL 12610147, at *5.

For example, Plaintiffs' Proposed Third Amended Complaint would require reopening discovery as to the new named plaintiffs and putative class representatives. Plaintiffs' self-serving assertion that "discovery with respect to Mr. Maxcy and Mr. Farley can be limited to their HCV status" is simply incorrect.  (Doc. 173 at 10.)

11

Plaintiffs' assertion presumes that Defendants are entitled only to discovery that subscribes to their theory of the case and counsel's legal conclusions. Defendants are entitled to discovery in multiple other areas—including Plaintiffs' suitability to serve as class representatives and whether they have exhausted their administrative remedies as required under the Prison Litigation Reform Act. Late modification of a scheduling order which requires reopening discovery is disfavored due to the prejudice attendant to the nonmoving party. *See Kozlov*, 818 F.3d at 395.

Furthermore, Plaintiffs' proposed modification to the Scheduling Order would require a major alteration in Defendants strategy in this litigation. Defendants' Motion for Summary Judgment is fully briefed and awaiting argument and decision. (*See* Doc. 104.) Plaintiffs' proposed modification to the Scheduling Order is akin to rewriting the rules of the Crop Art competition at the State Fair after all the exhibits have been entered but before the judges have reviewed the field and awarded premiums. Defendants have invested significant resources in litigating the operative complaint. If the Court were to accept Plaintiffs' motion to now change the rules of the game would work a hardship and result in prejudice. Plaintiffs' motion to modify the scheduling order should be denied. *See Kozlov*, 818 F.3d at 395.

### III. PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE IT DISREGARDS THE LOCAL RULES.

For all of the foregoing reasons, Plaintiffs' Motion to Amend the Scheduling Order must be denied because they have failed to show good cause for the amendment. This showing is also required by court rule. *See* L.R. 16.3(b). In addition to failing to

meet this provision of the Local Rules, Plaintiffs admit they flatly ignored court rules in filing their Motion to Amend the Scheduling Order. Plaintiffs plainly state they did not meet and confer with Defendants in an attempt resolve this motion in advance of filing it. (Doc. 172 at 2.) This failure to meet and confer runs afoul of court rules. *See* L.R. 7.1.

Plaintiffs' misleading attempt to present their Proposed Third Amended Complaint in accordance with court rules is more troubling still. On June 4, 2017, Plaintiffs filed their proposed Third Amended Class Action Complaint (Doc. 174). They also filed another 76-page document, (Doc. 174-1), which appears to be a partially redlined version of their Second Amended Complaint, (Doc. 42). Plaintiffs did not file an affidavit from Plaintiffs or their counsel explaining what Document 174-1 purports to be. Local Rule 15.1 requires that a motion to amend a pleading be accompanied by "a version of the proposed amended pleading that shows—through redlining, underlining, strikeouts, or other similar effective typographic methods—how the proposed amended pleading differs from the operative pleading." Plaintiffs failed to comply with this simple requirement.

For instance, merely comparing the caption of Documents 174 and 174-1 reveals that Plaintiffs seek to delete purported plaintiffs John and Jane Roe, John and Jane Miles, and John and Jane Stiles, and add Lawrence Maxcy and Devon Farley. But a reader viewing just the purported redlined draft (Doc. 174-1) would not see that the named

plaintiffs had changed in the caption.[4]  Plaintiffs also failed to redline the title of the document. (Doc. 174-1.)

In comparing Document 174-1, the purported redlined Second Amended Complaint, with Document 42, the actual Second Amended Complaint on file with the Court, we see that the underlying document is also not an accurate copy.  For instance, the heading "Introduction" in Document 174-1 is in a different typeface and is placed on the page in a different position.  (*Compare* Doc. 174-1 at 6 *with* Doc. 42 at 2.)  More importantly, the Introduction in Document 174-1 is not underlined or otherwise marked in any way that would reveal to the reader that it is entirely new content and has replaced the old Introduction.  (*Compare* Doc. 174-1 at 6-9 *with* Doc. 42 at 2-7.)  This error carries forward throughout the remainder of the purported redlined pleading.  Plaintiffs never underline or otherwise mark portions of Document 174-1 to show language that is being added to this draft.

---

[4] The reader would, at least, learn that Plaintiffs now seek to remove John and Jane Doe DOC staff as Defendants, and seek to rewrite the Complaint as if the individual capacity claims against Dr. Paulson and Larson never existed.  Defendants fully briefed their summary judgment motion, seeking dismissal of the entire Second Amended Complaint and await oral argument in front of Judge Schiltz on July 26, 2017.  (Doc. 103.)  In their moving papers in support of that motion, Defendants argued that individual capacity claims against Dr. Paulson and Larson should be dismissed for multiple reasons, and that Plaintiffs had failed to identify any John and Jane Doe defendants.  (*See* Doc. 106 at 16-29, 40, n.10.)  Plaintiffs needed to explicitly concede those claims when they filed their memorandum in opposition to Defendants' summary judgment motion on April 30, 2017 (Doc. 152), to apprise Judge Schiltz that he need not analyze those claims/arguments, instead of apparently conceding them by filing a separate motion to be heard by the Magistrate Judge.

Document 174-1 is misleading. It utterly fails to show "how the proposed amended pleading differs from the operative pleading" as is required by Local Rule 15.1. A true comparison of the Second Amended Complaint, (Doc. 42), with the proposed Third Amended Class Action Complaint, (Doc. 174), reveals that Plaintiffs are asking this Court to let them completely rewrite their operative complaint.

These marked failures to comply with court rules are an independent ground for denial of Plaintiffs' Motion to Amend the Scheduling Order. *See Mountain Marketing I*, 2015 WL 11090345, at **4–5 (noncompliance with D. Minn. L.R. 15.1(b) grounds for denial of motion); *Holaway v. Stratasys, Inc.*, No. 12-998, 2013 WL 12142647, at *5 (D. Minn. 2013) (finding meritless argument that a motion was "unique" and therefore did not require meet and confer under L.R. 7.1).

To the extent that Plaintiffs' motion to modify the scheduling order is granted, Plaintiffs should be ordered to file a red-lined Complaint that complies with L.R. 15.1 so that Defendants can identify the changes proposed.[5] Any such motion should also be heard after Judge Schiltz rules on Defendants' motion for summary judgment.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Amend the Scheduling Order to Allow Amendment of the Complaint and to Allow Joinder of New Plaintiffs must be denied. In the alternative, Defendants request that the motion be stayed pending the

---

[5] In responding to the present motion, Defendants do not waive any defense to a future motion to amend the complaint that Plaintiffs may bring.

resolution of their pending Motion for Summary Judgment, or adjudicated by Judge Schiltz in conjunction with that dispositive motion.

Dated: June 12, 2017

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL
State of Minnesota


**s/ Kathryn A. Fodness**
KATHRYN A. FODNESS
Assistant Attorney General
Atty. Reg. No. 0392184

KELLY S. KEMP
Assistant Attorney General
Atty. Reg. No. 0220280

ANDREW TWEETEN
Assistant Attorney General
Atty. Reg. No. 0395190

445 Minnesota Street, Suite 1100
St. Paul, Minnesota 55101-2128
(651) 757-1348 (Voice)
(651) 282-5832 (Fax)
kathryn.fodness@ag.state.mn.us
kelly.kemp@ag.state.mn.us
andrew.tweeten@ag.state.mn.us

ATTORNEYS FOR DEFENDANTS MINNESOTA DEPARTMENT OF CORRECTIONS, ROY, PAULSON, AND LARSON