UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ronaldo Ligons, et al., | Case No. 15-cv-2210 (PJS/BRT) |
| Plaintiffs, | |
| v. | **DEFENDANTS MINNESOTA DEPARTMENT OF CORRECTIONS, ROY, PAULSON, AND LARSON'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT** |
| Minnesota Department of Corrections, et al., | |
| Defendants. | |

Defendants Minnesota Department of Corrections and Tom Roy, Dr. David Paulson, and Nanette Larson, in their official capacities (hereinafter "Defendants") for their Answer to the Third Amended Complaint in this matter, admit, deny, and allege as follows:

1.  Except as expressly admitted, denied, or otherwise qualified, deny each and every allegation set forth in Plaintiffs' Third Amended Complaint.

2.  Paragraph 1 constitutes Plaintiffs' characterization of their cause of action and does not require a response. To the extent any response is required, Defendants admit that Plaintiffs' Third Amended Complaint contains the cited provisions of United States Code and deny all remaining allegations.

3.  Deny the allegations in Paragraph 2.

4.  As to the allegations in Paragraph 3, admit that drugs in a class known as Direct Acting Antivirals ("DAAs") can be used to treat some patients with chronic viral

Hepatitis C ("chronic HCV") and can cure some patients with chronic HCV and deny all remaining allegations.

5. Deny the allegations in Paragraph 4.

6. Deny the allegations in Paragraph 5.

7. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore deny the same.

8. Deny the allegations in Paragraphs 7 and 8.

9. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 9 and therefore deny the same. Deny the allegations in the second sentence of Paragraph 9.

10. State that the allegations in Paragraphs 10 and 11 constitute legal assertions to which no response is required.

11. Paragraph 12 constitutes Plaintiffs' characterization of their cause of action and does not require a response. To the extent any response is required, Defendants admit that Plaintiffs appear to allege acts and omissions occurring in the State of Minnesota and otherwise deny the allegations.

12. Admit the allegations in Paragraph 13.

13. ███████████████████████████

14. As to the allegations in Paragraph 16, admit that as of the date of this Answer, DOC records reflect that Buchan's currently scheduled supervised release date is February 24, 2020.

15. Admit the allegations in Paragraph 17.

16. ███████████████████████████

17. ███████████████████████████████████████
███████████████████████████████████████

18. As to the allegations in Paragraph 20, admit that as of the date of this Answer, DOC records reflect that Maxcy's currently scheduled supervised release date is January 12, 2021.

19. Admit the allegations in Paragraph 21.

20. ███████████████████████████████████████
███████████████████████████

21. ███████████████████████████████████████
███████████████████████████████████████
███████████████████████

22. ███████████████████████████████████████
███████████████████████████

23. As to the allegations in Paragraph 25, admit that as of the date of this Answer, DOC records reflect that Ligons' currently scheduled supervised release date is November 21, 2019.

24. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 26 and 27 and therefore deny the same.

25. As to the allegations in Paragraph 28, ███████████████████████
███████████████████████████████   ████████████

███████████████████████████████ State that they are without knowledge or information as to the identities of Plaintiffs John Roe and Jane Roe and therefore deny the allegations in Paragraph 28 as to the unnamed Plaintiffs.

26. State that the allegations in Paragraph 29 constitute Plaintiffs' characterization of their own cause of action and does not require a response.

27. Admit the allegations in Paragraphs 30 and 31.

28. As to the allegations in Paragraph 32, admit that Thomas Roy is the Commissioner of the Minnesota Department of Corrections. State that the remaining allegations constitute Plaintiffs' characterization of their own cause of action and does not require a response.

29. Deny the allegations in Paragraph 33. State that the phrase "at all relevant times" is so vague as to preclude responsive pleading. Affirmatively state that Commissioner Roy was appointed DOC Commissioner in January 2011 and that his duties are defined by Minnesota Statutes and other law.

30. Deny the allegations in Paragraph 34. Affirmatively state that the phrase "at all times relevant" and the assertion that Commissioner Roy "acted and will continue to act" is so vague as to preclude responsive pleading. Affirmatively state that Commissioner Roy was appointed DOC Commissioner in January 2011.

31. Admit the allegations in Paragraph 35.

32. Deny the allegations in Paragraph 36. Affirmatively state that, in his capacity as Medical Director of the Minnesota Department of Corrections, Dr. Paulson oversees medical services within the Minnesota Department of Corrections system.

33. Deny the allegations in Paragraph 37. Affirmatively state that the document attached to the Third Amended Complaint as Exhibit 1 is not the current DOC HCV treatment guidelines. Affirmatively state that Dr. Paulson is the author of the January 2016 DOC HCV treatment guidelines attached to the Third Amended Complaint as Exhibit 1.

34. Deny the allegations in the first sentence Paragraph 38. State that the allegations in the second sentence of Paragraph 38 constitute Plaintiffs' characterization of their own cause of action and do not require a response.

35. State that the allegations in Paragraph 39 are so vague as to preclude responsive pleading. To the extent a response is required, deny the allegations in Paragraph 39.

36. Admit the allegations in Paragraph 40.

37. As to the allegations in Paragraph 41, admit that Larson supervises Dr. Paulson and medical staff employed by the Minnesota Department of Corrections.

38. State that the allegations in Paragraph 42 constitute Plaintiffs' characterization of their own cause of action and do not require a response.

39. As to the allegations in Paragraphs 43 and 44, admit that grievance appeals about health care issues are directed to the Health Services Director and that the Health Services Director consults with either the DOC's Medical Director, Nursing Director, or other program manager responsible for the subject of the grievance before responding. Admit that the Health Services Director's response to a grievance that has progressed

through all other steps is the last step in the grievance process. Deny all remaining allegations in Paragraphs 43 and 44.

40. ███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████  ████████████████

████████

41. State that the allegations in Paragraph 46 are so vague as to preclude responsive pleading. To the extent a response is required, deny the allegations in Paragraph 46.

42. Admit the allegations in the first sentence of Paragraph 47 and the second sentence of Paragraph 48. Admit that the document attached to the Third Amended Complaint as Exhibit 2 is a true and correct copy of the HCV Guidance: Recommendations for Testing, Managing, and Treating Hepatitis C (hereinafter "AASLD/IDSA Guidance"), which was jointly prepared by the American Association for the Study of Liver Disease ("AASLD") and the Infectious Disease Society of America ("IDSA"). Deny that that the AASLD/IDSA Guidance is a "protocol" and otherwise deny the allegations in Paragraph 47. Affirmatively state that the AASLD/IDSA Guidance speaks for itself.

43. Deny the allegations in Paragraph 48. Affirmatively state that approximately 25% of individuals infected with HCV resolve the infection on their own and that other individuals develop chronic HCV.

44.     State that the allegations in Paragraph 49 constitute a legal assertion to which no response is required.  To the extent that a response is required, deny the allegations in Paragraph 49.

45.     Deny the allegations in Paragraph 50.  Affirmatively state that in some cases, chronic HCV, as well as other medical conditions, environmental toxins, alcohol use, and medications, can cause liver fibrosis and inflammation of the liver, which may result in impaired liver function over the course of decades.

46.     As to the allegations in Paragraph 51, admit that some individuals with chronic HCV can develop liver fibrosis, which refers to an accumulation of scar tissue in the liver.  Deny all remaining allegations in Paragraph 51.

47.     As to the allegations in Paragraph 52, admit that fibrosis can reduce liver function.  Deny all remaining allegations in Paragraph 52.

48.     Deny the allegations in Paragraphs 53 and 54.

49.     State that the allegations in Paragraph 55 are so vague as to preclude responsive pleading and therefore deny the allegations.

50.     Deny the allegations in Paragraph 56.

51.     As to the allegations in Paragraph 57, admit that a minority of patients with HCV may experience side effects from infection that may include pain and otherwise deny the allegations.

52.     Deny the allegations in Paragraph 58.  Affirmatively state that advanced cirrhosis may rarely cause arthritic pain, kidney disease, jaundice, internal bleeding,

edema, abdominal ascites, mental confusion, and fatigue, but that not all of these symptoms are "painful."

53. Deny the allegations in Paragraph 59.

54. Admit the allegations in Paragraph 60.

55. Deny the allegations in Paragraph 61.

56. Deny the allegations in the first sentence of Paragraph 62.  As to the remaining allegations in Paragraph 62, admit that if HCV progresses, the pace of progression varies by individual and stage, and otherwise deny the allegations.

57. Admit the allegations in the first sentence of Paragraph 63.  Deny the allegations in the second sentence of Paragraph 63.

58. Deny the allegations in Paragraph 64.

59. State that the AASLD/IDSA Guidance quoted in Paragraph 65 speaks for itself.

60. Deny the allegations in Paragraph 66.

61. Admit the allegations in Paragraph 67.

62. Deny the allegations in Paragraph 68 through 70 to the extent that Plaintiffs intend to summarize the AASLD/IDSA Guidance.  Affirmatively state that the AASLD/IDSA Guidance referenced in Paragraphs 68 through 70 speaks for itself.

63. Deny the allegations in Paragraph 71.  Affirmatively state that separate tests determine whether an individual has chronic HCV and the degree to which the infection has impacted the liver, if it has impacted the liver at all.

64. Deny the allegations in Paragraph 72.

65. Deny the allegations in Paragraph 73. Affirmatively state that AST to Platelet Ratio Index ("APRI"), FIB-4, Fibroscan, ultrasound technology, and liver biopsy are all methods used by medical practitioners to assess a patient's liver.

66. As to the allegations in Paragraph 74, admit that the DOC does not use biopsies to assess the extent of liver fibrosis in most prisoners unless a biopsy is indicated by the circumstances.

67. Deny the allegations in Paragraph 75 and 76.

68. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and therefore deny the same.

69. Deny the allegations in Paragraph 78. Affirmatively state that the DOC has never used APRI scores alone to estimate the degree of fibrosis in prisoners' livers.

70. Deny the allegations in Paragraph 79. Affirmatively state that DAAs may be used to treat chronic HCV.

71. Deny the allegations in Paragraphs 80 and 81.

72. Deny the allegations in Paragraph 82. Affirmatively state that many factors are taken into consideration when determining whether a prisoner will be treated with DAA medications.

73. Admit the allegations in Paragraphs 83 and 84.

74. Deny the allegations in Paragraph 85. Affirmatively state that the HCV Guidance speaks for itself and recognizes that doctors must always use medical judgment and discretion to treat any medical condition.

75. Deny the allegations in Paragraph 86.

76. As to the allegations in Paragraph 87, admit that treatment of HCV with DAAs may result in a decrease in liver inflammation and reduce the rate of fibrosis in some patients. State that Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87 and therefore deny the same.

77. Deny the allegations in Paragraphs 88 and 89.

78. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 90 and 91 and therefore deny the same. Affirmatively state that polio has not been eliminated.

79. State that the allegations in Paragraph 92 are so vague as to preclude responsive pleading and therefore deny same. Affirmatively state that individuals who are in prison are disproportionately more likely than those outside of prison to have engaged in activities that are a risk factor for the transmission of HCV (e.g., injection drug use or tattooing or piercing in an unlicensed facility).

80. State that the publications by the "National Academies" referenced in Paragraph 93 speak for themselves.

81. Deny the allegations in Paragraph 94. Affirmatively state that a controlled prison environment may make diagnosis, monitoring, and treatment compliance easier in some respects, such as by providing behavioral controls related to alcohol and drug use, treatment for comorbid medical conditions, and removal from environmental toxins that may impact liver function.

82. State that the publications by the "National Academies" referenced in Paragraph 95 speak for themselves.

83. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and therefore deny the same.

84. State that the allegations in Paragraph 97 are so vague as to preclude responsive pleading and therefore deny same.

85. State that the publication referenced in Paragraph 98 speaks for itself and otherwise deny.

86. Deny the allegations in Paragraph 99. Affirmatively state that the DOC estimates that 10% of inmates have chronic HCV.

87. Admit the allegations in Paragraph 100. Affirmatively state that the DOC offers testing, at no cost, to all inmates on intake and provides testing at no cost upon request by inmates while incarcerated.

88. Admit the allegation in Paragraph 101.

89. As to the allegations in the first sentence of Paragraph 102, state that the report referenced speaks for itself. Admit that the document attached to the Third Amended Complaint as Exhibit 4 is a true and correct copy of "FY2017 Notable Statistics" published by the Minnesota Department of Corrections.

90. As to the allegations in Paragraph 103, state that Exhibit 3 speaks for itself as to that entity's estimate of prisoners with chronic HCV. State that they are without knowledge or information as to whether the statistics cited in Exhibit 3 are either accurate

or can be reliably extrapolated to the inmate population within the custody of the DOC, and therefore deny same.

91. Deny the allegations in Paragraph 104.

92. As to the allegations in Paragraph 105, state that Exhibit 5 to the Third Amended Complaint speaks for itself and deny any allegations in Paragraph 105 inconsistent with the text of such document. Deny that the document attached as Exhibit 5 to the Third Amended Complaint is a "budget."

93. Deny the allegations in Paragraph 106. Affirmatively state that the DOC had treated 75 inmates with DAAs as of March 28, 2017.

94. Deny the allegations in Paragraphs 107 and 108.

95. Admit the allegations in Paragraph 109.

96. Deny the allegations in Paragraph 110.

97. Deny the allegations in Paragraph 111. Affirmatively state that the DOC's treatment of inmates with HCV is evidence-based and individualized, consistent with or better than treatment in prisons and large jails across the country. To the extent that Plaintiffs' allegations in Paragraph 111 refer to statements in the expert report of Dr. Newton Kendig, affirmatively state that Dr. Kendig's report speaks for itself.

98. As to the allegations in Paragraphs 112 through 114, deny the allegation that "the medical standard of care" is a single standard applicable to all individuals with HCV and therefore deny the allegations in Paragraphs 112 and 114.

99. Deny the allegations in Paragraph 115. Affirmatively state that the document attached to the Third Amended Complaint as Exhibit 1 is not the current DOC

HCV treatment guidelines. Affirmatively state that Dr. Paulson is the author of the January 2016 DOC HCV treatment guidelines attached to the Third Amended Complaint as Exhibit 1.

100. Deny the allegations in Paragraph 116. Affirmatively state that the DOC's January 2016 and September 2017 Guidelines speak for themselves.

101. As to the allegations in Paragraph 117, affirmatively state that the AASLD/IDSA HCV Guidance speaks for itself.

102. Admit the allegations in Paragraph 118. Affirmatively state that individuals who are in prison are disproportionately more likely than those outside of prison to have engaged in activities that are a risk factor for the transmission of HCV (e.g., injection drug use or tattooing or piercing in an unlicensed facility).

103. Admit the allegations in Paragraph 119.

104. State that the use of the word "[p]eople" is so vague as to the population of individuals to whom Plaintiffs refer that Defendants cannot respond to the allegations in Paragraph 120 and therefore deny same. Affirmatively state that the DOC's HCV Guidelines speak for themselves.

105. Deny the allegations in Paragraph 121.

106. Deny the allegations in Paragraph 122. Affirmatively state that each case of HCV is unique and requires the exercise of medical judgment and discretion.

107. Admit the allegations in Paragraph 123.

108. Deny the allegations in Paragraph 124. Affirmatively state that the DOC's September 2017 HCV Guidelines speak for themselves and deny any allegations in Paragraph 124 inconsistent with the text of the September 2017 Guidelines.

109. Admit the allegations in Paragraph 125.

110. Deny the allegations in Paragraph 126. Affirmatively state that the AASLD/IDSA HCV Guidance recognizes that doctors must always use medical judgment and discretion to treat any medical condition.

111. Deny the allegations in Paragraphs 127 through 129.

112. Deny the allegations in Paragraph 130. Affirmatively state that the DOC encourages its contracted medical services provider to use the U.S. Centers for Disease Control ("CDC") guidance to treat prisoners with HIV, as would be appropriate in each practitioner's medical judgment.

113. Deny the allegation in Paragraph 131.

114. Deny the allegations in Paragraph 132.

115. As to the allegations in the first sentence of Paragraph 133, admit that the DOC has contracted with Centurion of Minnesota, LLC, to provide day-to-day medical care to inmates in DOC prisons and that Contract 70449 (hereinafter "Contract") details the parties' contractual relationship and otherwise deny the allegations. Admit the allegations in the second sentence of Paragraph 133. Deny the allegations in the third sentence of Paragraph 133.

116. As to the allegations in the first sentence of Paragraph 134, admit that the DOC provides communicable disease screening and testing to all inmates at intake. Deny

the allegations in the second sentence of Paragraph 134. Deny the allegations in the third sentence of Paragraph 134. Affirmatively state that testing is offered for HCV and HIV to all inmates at intake.

117. As to the allegations in the first sentence of Paragraph 135, admit that the DOC encourages its contracted medical services provider to use the U.S. Centers for Disease Control ("CDC") guidance to treat prisoners with HIV, as would be appropriate in each practitioner's medical judgment. Deny all remaining allegations in Paragraph 135. Affirmatively state that the material quoted in Paragraph 135 appears, without Plaintiffs' alterations, in Exhibit 6 to the Third Amended Complaint, not Exhibit 5, as referenced. Affirmatively state that the Contract speaks for itself.

118. Deny the allegations in Paragraph 136. Affirmatively state that treatment of both HIV/AIDS and HCV in DOC facilities is evidence-based and individualized, as appropriate in each practitioner's medical judgment.

119. Deny the allegations in Paragraphs 137 through 139.

120. Affirmatively state that Policy 105.170 referenced in Paragraph 140 speaks for itself and deny any allegations in Paragraph 140 inconsistent with the text of Policy 105.170. Admit the allegations in the second sentence of Paragraph 140.

121. State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 141 and 142 and therefore deny the same.

122. Deny the allegations in Paragraph 143.

123. State that the allegations in Paragraphs 144 and 145 constitute Plaintiffs' characterization of their own cause of action to which no response is required.

124. As to the allegations in Paragraphs 146 and 147, state that the dockets, pleadings, and orders in the cases identified all speak for themselves and deny any allegations in Paragraphs 146 and 147 inconsistent with the same. Affirmatively state that the Eighth Circuit granted State Defendants' petition for permission to appeal the order certifying a class in *Michael Postawko v. Missouri Department of Corrections*, 2:16-cv-04219 (NKL) (W.D. Mo.). *See also Postawko v. Missouri Department of Corrections*, No. 17-8026 (8th Cir.).

125. State that the allegations in Paragraph 148 constitute Plaintiffs' characterization of their own cause of action to which no response is required.

126. State that the allegations in Paragraph 149 constitute legal assertions to which no response is required. To the extent a response is required, state that they are without knowledge or information as to whether the statistics from "[n]ational testing" cited Paragraph 149(a)(i) are either accurate or reliably extrapolated to the inmate population within the custody of the DOC and therefore deny the same. As to the allegations in Paragraph 149(c)(ii), ███████████████████████████ ███████████████ ███████████████████████████████ ███████████ Deny all remaining allegations in Paragraph 149. ███████████ ███████████████████████████

127. State that the allegations in Paragraphs 150 and 151 constitute Plaintiffs' characterization of their own cause of action and legal assertions to which no response is

16

required. To the extent a response is required, deny the allegations in Paragraphs 150 and 151.

128. As to Paragraph 152, reassert the responses set forth in this Answer to the paragraphs of the Third Amended Complaint referenced.

129. State that the allegations in Paragraph 153 constitute legal assertions to which no response is required.

130. Deny the allegations in Paragraphs 154 through 161.

131. As to Paragraph 162, reassert the responses set forth in this Answer to the paragraphs of the Third Amended Complaint referenced.

132. State that the allegations in Paragraph 163 constitute Plaintiffs' characterization of their own cause of action to which no response is required.

133. State that the allegations in Paragraphs 164 through 166 constitute legal assertions to which no response is required.

134. State that the allegations in Paragraphs 167 through 171 constitute legal assertions to which no response is required. To the extent that Plaintiffs intend the allegations in Paragraphs 167 through 171 as factual allegations, deny that a diagnosis of chronic HCV constitutes a "disability" as that term is defined by the Americans with Disabilities Act or that all individuals with chronic HCV are disabled.

135. Deny the allegations in Paragraphs 172 through 174.

136. As to Paragraphs 1 through 10 of the Request for Relief, deny that Plaintiffs are entitled to relief.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Third Amended Complaint fails to state a claim upon which relief can be granted against Defendants.

2. Plaintiffs' Third Amended Complaint fails to state a cognizable claim under 42 U.S.C. § 1983 or 42 U.S.C. §§ 12131-12132.

3. Plaintiffs failed to exhaust administrative remedies.

4. Plaintiffs' claims are barred by the Eleventh Amendment and other applicable immunity.

5. Plaintiffs' request for injunctive relief is moot.

6. Permitting Plaintiffs the relief requested in the Third Amended Complaint may result in direct threat to the health and safety of Plaintiffs or others, or result in a fundamental alteration to the DOC or its programming.

7. Plaintiffs' request for injunctive relief fails to comply with the requirements of the Prison Litigation Reform Act.

8. Defendants had legitimate, non-discriminatory reasons for each of the actions or decisions challenged in the Complaint.

9. Defendant would have taken the same action absent any discriminatory motive, which discriminatory motive Defendant expressly denies.

10. Defendants reserve the right to assert other affirmative defenses or objections as they may arise or become available.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that this Court: (1) dismiss Plaintiffs' Third Amended Complaint with prejudice and on the merits; (2) enter judgment in Defendants' favor with respect to all of the claims and causes of action set forth in the Third Amended Complaint; (3) award Defendants costs, reasonable attorney fees and disbursements; and (4) any other relief that the Court deems just and proper under these circumstances.

Dated:  December 15, 2017

OFFICE OF THE ATTORNEY GENERAL
State of Minnesota


**s/ Kathryn A. Fodness**
KATHRYN A. FODNESS
Assistant Attorney General
Atty. Reg. No. 0392184

KELLY S. KEMP
Assistant Attorney General
Atty. Reg. No. 0220280

ANDREW TWEETEN
Assistant Attorney General
Atty. Reg. No. 0395190

445 Minnesota Street, Suite 1100
St. Paul, Minnesota 55101-2128
(651) 757-1348 (Voice)
(651) 282-5832 (Fax)
kathryn.fodness@ag.state.mn.us
kelly.kemp@ag.state.mn.us
andrew.tweeten@ag.state.mn.us

ATTORNEYS FOR DEFENDANTS MINNESOTA DEPARTMENT OF CORRECTIONS, ROY, PAULSON, AND LARSON