# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LAWRENCE MAXCY,                                                         Civil No. 15-2210 (PJS/BRT)

Individually, and on behalf of those similarly situated,

       Plaintiff,

v.

PAUL SCHNELL,
In his official capacity as Commissioner, Minnesota Department of Corrections;

DAVID A. PAULSON, M.D.,
In his official capacity as Medical Director, Minnesota Department of Corrections;

NANETTE LARSON,
In her official capacity as Health Services Director, Minnesota Department of Corrections,

       Defendants.

## NOTICE TO THE CLASS OF SETTLEMENT AGREEMENT

This Notice sets forth the basic terms of the class action settlement regarding the provision of medical treatment to inmates in the custody of the Minnesota Department of Corrections ("the DOC") who are infected with chronic hepatitis C ("HCV").

### I.   CASE BACKGROUND

Plaintiff filed this lawsuit, on behalf of himself and other similarly situated prisoners in the custody of the DOC, and brought allegations including that the DOC, under its Guidelines for Evaluation and Management of Chronic Hepatitis C (HCV) Infection, fails to provide necessary medical care to prisoners with HCV, in violation of the Eighth Amendment of the United States Constitution and 42 U.S.C. § 1983. Defendants have denied the allegations throughout the case. In the end, the suit did not seek, and the settlement does not award, money damages for the class.

On January 3, 2019, the Court certified a class of plaintiffs. This class is defined as:

> **All current and future inmates of Minnesota correctional facilities who have been diagnosed with chronic hepatitis C and have not received treatment with a direct-acting antiviral medication.**

## II.     THE SETTLEMENT AGREEMENT

The Parties in this lawsuit have recently entered into a Settlement Agreement and Release ("Settlement Agreement" or "Settlement"). Copies of the Settlement Agreement will be available for review in each institution's medical facility and library.

If the Court approves the Settlement, the DOC will provide treatment with direct acting antiviral ("DAA") medication to prisoners with HCV as set forth by the Settlement Agreement. In summary, the core terms include: 1) all HCV-infected prisoners at levels F1 through F4 are eligible for DAA treatment, with treatment beginning within three months of the determination of their fibrosis level; 2) all prisoners at F0 with co-occurring conditions, including but not limited to HIV, hepatitis B, diabetes and others, will also be eligible for DAA treatment; 3) the remaining untreated prisoners with HCV, those at F0 without co-occurring conditions, will receive treatment after continuous imprisonment of sixteen months; 4) untreated prisoners are eligible for reassessment every six months, and if it is determined that they have become eligible for treatment, for example by progressing from F0 to F1, they will receive treatment; 5) prisoners who are released without treatment, including those at F0 whose sentences are less than sixteen months and those whose sentences are too short to allow for treatment, will receive current information about HCV and about antiviral treatment resources in the community. A 6-month phase in period applies to the Settlement's provisions for treating prisoners at levels F1 – F4 and F0 with a co-occurring condition. To be eligible for treatment, prisoners must have 24 weeks or more of their sentences left to serve.

Some limited exceptions to treatment are detailed in the Settlement Agreement. The Settlement Agreement further provides for a two-year monitoring period, during which the DOC will provide quarterly reports to the Court and Class Counsel. No party admits any wrongdoing or deficiency in their case. Defendants will reimburse class counsel for attorneys' fees in the amount of $325,000, and for documented costs to the date of settlement of $41,144.25.

Further details of the settlement terms are in the Settlement Agreement, which is available for review at your institution's library and Health Services Area.

### III. PURPOSES OF THIS NOTICE

This Notice is sent to advise you of the pending action, the proposed settlement, and your rights with respect to this action. This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court as to the truth of the allegations in the litigation or the merits of the claims or defenses asserted.

The Settlement Agreement is under review by the Court, and it will not take effect until and unless it is approved by the Court. If you wish to make objections to or comments in support of the Settlement Agreement, you should submit an explanation in writing why you do or do not believe that the Settlement Agreement is fair, reasonable and adequate. You should indicate whether your objections apply only to you, to a specific subset of the class, or to the entire class, and should state with specificity the grounds for your objection.

Objections and comments should be sent to Class Counsel at the address set forth below such that they are received no later than [42 days after the date of Preliminary Approval].

| **Lead Class Counsel** |
|---|
| Hepatitis C Class Action |
| Ciresi Conlin LLP |
| 225 South Sixth Street, Suite 4600 |
| Minneapolis, MN 55402 |

### IV.    NOTICE OF FINAL APPROVAL HEARING

The Court will consider any objections or comments you may have regarding the Settlement Agreement, provided they are received by [42 days after the date of Preliminary Approval].

A hearing will be held on _____, at which the Court will consider the fairness of the Settlement Agreement and whether to approve it.  Your objection will only be considered in writing and will not result in your presence in any hearing for testimony.

Dated:  _____, 2019.            BY THE COURT:

 

_____
Hon. Patrick J. Schiltz
United States District Judge
District of Minnesota