UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LAWRENCE MAXCY,                                          Civil No. 15-2210 (PJS/BRT)

Individually, and on behalf of those similarly situated,

    Plaintiff,

v.

PAUL SCHNELL,
In his official capacity as Commissioner, Minnesota Department of Corrections;

DAVID A. PAULSON, M.D.,
In his official capacity as Medical Director, Minnesota Department of Corrections;

NANETTE LARSON,
In her official capacity as Health Services Director, Minnesota Department of Corrections,

    Defendants.

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a class action is pending in this Court captioned *Lawrence Maxcy v. Paul Schnell, et. al.*, No. 15-cv-2210 (PJS/BRT) (D. Minn.) ("Action");

WHEREAS, (a) Lawrence Maxcy, ("Named Plaintiff" or "Class Representative"), and (b) Paul Schnell, in his official capacity as Commissioner of the Minnesota Department of Corrections ("the DOC"), David A. Paulson, in his official capacity as the Medical Director of MN DoC, and Nanette Larson, in her official capacity as Health Services Director of the DOC, (collectively, "Defendants" or "the DOC") have determined to settle the Action with prejudice on the terms and conditions set forth in the Settlement Agreement dated March 14, 2019 ("Settlement Agreement" or "Settlement") subject to approval of this Court;

WHEREAS, the Court granted the Motion for Class Certification (Dkt. No. 238) and certified a class defined as "all current and future inmates of Minnesota correctional facilities who have been diagnosed with chronic hepatitis C and have not received treatment with a direct-acting antiviral medication" ("Class") (Dkt. No. 317);

WHEREAS, the Court appointed Lawrence Maxcy as the Class Representative, and Ciresi Conlin, LLP as Lead Class Counsel ("Lead Class Counsel") (Dkt. No. 317);

WHEREAS, Defendants do not oppose Named Plaintiff's motion; and

WHEREAS, the Court has read and considered: (a) Named Plaintiff's motion for preliminary approval of the Settlement and the papers filed and arguments made in connection therewith; (b) the Settlement Agreement and the exhibits attached thereto; and (c) the record in the Action, and has found good cause for entering the following Order.

NOW THEREFORE, IT IS ORDERED that:

1. **<u>Preliminary Approval of the Settlement</u>** – The Court hereby preliminarily approves the Settlement, as embodied in the Settlement Agreement, as being fair, reasonable, and adequate to the Class and finds it will likely be able to approve the Settlement under Rule 23(e)(2) of the Federal Rules of Civil Procedure, subject to further consideration at the Final Approval Hearing to be conducted as described below.

2. **<u>Final Approval Hearing</u>** – The Court will hold a settlement hearing ("Final Approval Hearing") on **Monday, June 24, 2019 at 8:30 a.m.** in Courtroom 14E of the United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class; (b) to determine whether an Order and Final Judgment should be entered; (c) to determine whether the proposed Settlement

Agreement should be approved and incorporated into the Court's Judgment; (d) to determine whether the Settlement's provision regarding attorneys' fees and reimbursement of documented costs should be approved; and (e) to consider any other matters that properly may be brought before the Court in connection with the Settlement. Notice of the Settlement and the Final Approval Hearing shall be given to Class members as set forth in this Order.

3. The Court may adjourn the Final Approval Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Class Representative and Defendants may agree to, if appropriate, without further notice to the Class.

4. **Manner of Giving Notice** – The Parties are hereby authorized to supervise and administer the notice procedure in connection with the proposed Settlement. Notice of the Settlement and the Final Approval Hearing shall be given as follows:

No later than 21 days after the date of entry of this Order ("Notice Date"), Defendants shall cause to be delivered (1) a summary letter and (2) the Notice ("Notice Documents"), substantially in the form attached as Exhibit 2, to each class member. The Notice Documents will direct the class member to the Settlement Agreement and the procedures for objecting to the Settlement Agreement, including indicating whether the objections apply only to the objector, to a specific subset of the class, or to the entire class.

5. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice Documents, annexed hereto as Exhibit 2, and finds that the distribution of the Notice Documents substantially in the manner and form set forth in the Settlement Agreement and this Order (i) provides notice in a reasonable and appropriate manner the Class; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Class of the pendency of the Action, the effect of the proposed Settlement, the Settlement's provision

of an award of attorneys' fees and reimbursement of documented costs, and their right to object to the Settlement and/or the Settlement's provision of an award of attorneys' fees and reimbursement of documented costs, (iii) constitutes due, adequate, and sufficient notice to the Class entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules. The date and time of the Final Approval Hearing shall be included in the Summary Letter and Notice before they are distributed and published.

6. **<u>Participation in the Settlement</u>** – Class members do not have to take any action in order to participate in the Settlement.

7. **<u>Objections</u>** – Any Class Member may file a written objection to the proposed Settlement and/or the Settlement's provision of an award of attorneys' fees and reimbursement of documented costs and show cause, if it has any cause, why the proposed Settlement and/or the Settlement's provision of an award of attorneys' fees and reimbursement of documented costs should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement and/or the Settlement's provision of an award of attorneys' fees and reimbursement of documented costs unless that Class Member has served a copy of such objection on Lead Class Counsel at the address set forth below, such that they are received no later than forty-two (42) calendar days after the date of entry of this Order .

| Lead Class Counsel |
|---|
| Hepatitis C Class Action<br>Ciresi Conlin LLP<br>225 South Sixth Street, Suite 4600<br>Minneapolis, MN 55402 |

8.   Any objections, filings, and other submissions by the objecting Class member: (a) must state the name, OID Number, and address of the person objecting, and must be signed by the objector; (b) must contain a statement of the Class member's objection or objections; and (c) must indicate whether the objection or objections are being made on behalf of the individual objecting, on behalf of a specific subset of the Class, or on behalf of the entire Class.

9.   Any Class Member who does not make their objections in the manner provided herein shall be deemed to have waived their right to object to any aspect of the proposed Settlement and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, or from otherwise being heard concerning the Settlement or the Settlement's provision of an award of attorneys' fees and reimbursement of documented costs.

10.   **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

11.   **Termination of Settlement** – As provided in the Settlement Agreement, if the Settlement is terminated as provided in the Settlement Agreement, the Settlement is not approved, or the effective date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Order shall be without prejudice to the rights of the Named Plaintiff, the Class members, and Defendants, and the Named Plaintiff and Defendants shall have deemed to have reverted *nunc pro tunc* to their respective status in the Action immediately prior to the execution of the Term Sheet on January 15, 2019.

    a.   **Use of this Order** – Neither this Order, the Settlement Agreement

(whether or not consummated), nor any negotiations, proceedings, or agreements relating to the Settlement, and any matters arising in connection with the settlement negotiations, proceedings, or agreements, shall be offered or received against any or all of the Parties for any purpose.

12.     **Supporting Papers** – Lead Class Counsel shall file and serve the opening papers in support of the proposed Settlement and the Settlement's provision of an award of attorneys' fees and reimbursement of documented costs no later than twenty-one (21) calendar days prior to the Final Approval Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Final Approval Hearing.

13.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

SO ORDERED this 18 day of March, 2019

                                                  s/Patrick J. Schiltz
                                                The Honorable Patrick J. Schiltz
                                                United States District Judge