UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LAWRENCE MAXCY,   Civil No. 15-2210 (PJS/BRT)

Individually, and on behalf of those similarly situated,

    Plaintiff,

v.

PAUL SCHNELL,
In his official capacity as Commissioner, Minnesota Department of Corrections;

DAVID A. PAULSON, M.D.,
In his official capacity as Medical Director, Minnesota Department of Corrections;

NANETTE LARSON,
In her official capacity as Health Services Director, Minnesota Department of Corrections,

    Defendants.

## ORDER APPROVING
## CLASS ACTION SETTLEMENT

WHEREAS, a class action is pending in this Court captioned *Lawrence Maxcy v. Paul Schnell, et. al.*, No. 15-cv-2210 (PJS/BRT) (D. Minn.) ("Action");

WHEREAS, (a) Lawrence Maxcy, ("Named Plaintiff" or "Class Representative"), and (b) Paul Schnell, in his official capacity as Commissioner of the Minnesota Department of Corrections ("DOC"), David A. Paulson, in his official capacity as the Medical Director of the DOC, and Nanette Larson, in her official capacity as Health Services Director of the DOC, (collectively, "Defendants" or "the DOC") have determined to settle the Action with prejudice on the terms and conditions set forth in the Settlement Agreement dated March 14, 2019 ("Settlement Agreement" or "Settlement"), subject to approval of this Court;

WHEREAS, the Court granted the Motion for Class Certification (Dkt. No. 238) and certified a class defined as "all current and future inmates of Minnesota correctional facilities who have been diagnosed with chronic hepatitis C and have not received treatment with a direct-acting antiviral medication" ("Class") (Dkt. No. 317);

WHEREAS, the Court appointed Lawrence Maxcy as the Class Representative, and Ciresi Conlin, LLP as Lead Class Counsel ("Lead Class Counsel") (*Id.*);

WHEREAS, the Court granted preliminary approval to the Parties' Settlement Agreement and its provisions to distribute notice to the Class (Dkt. No. 329);

WHEREAS, the Parties to this case have filed a Joint Motion for Final Approval of Class Action Settlement; and

WHEREAS, the Court has read and considered: (a) the Parties' Joint Motion for Final Approval of Class Action Settlement and the papers filed and arguments made in connection therewith; (b) the Settlement Agreement and the exhibits attached thereto; and (c) the file and record in the Action, including the fairness hearing held before this Court on June 24, 2019, and has found good cause for entering the following Order.

Accordingly, the Court makes the following findings:

1. The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and the Class.

2. This Order and Judgment incorporates and makes a part hereof the Settlement Agreement filed with the Court on March 15, 2019. (Dkt. No. 327, Exhibit 1).

3. The Notice to the Class regarding the proposed Settlement Agreement was adequate, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. The Settlement

Agreement included proposed forms of Notice ("Notice Documents") that received the Court's preliminary approval. (Dkt. No. 329). The distribution and publication of the Notice Documents were accomplished in a manner consistent with the Settlement Agreement and the Order Preliminarily Approving Settlement and Providing for Notice. (*Id*.). The Notice Documents and their distribution constituted notice that was reasonably calculated to apprise the Class of the pendency of the Action, the effect of the proposed Settlement, its award of attorneys' fees and costs, and their right to object to any aspect of the Settlement. The Notice Documents and their dissemination constituted due, adequate, and sufficient notice to all persons entitled to receive notice of the proposed Settlement and satisfied the requirements of the Constitution of the United States (including the due process clause), Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws and rules.

4. The Court considered the objections and comments to the Settlement Agreement from twenty two prisoners, and the Court overrules the objections.
5. The Settlement Agreement is fair, reasonable, and adequate, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and *Van Horn v. Trickey*, 840 F.2d 604 (8th Cir. 1988).
6. The Settlement Agreement's award of attorneys' fees and costs is fair and reasonable.

Therefore, it is hereby ORDERED that:

1. The Joint Motion Seeking Final Approval of Class Action Settlement is GRANTED.
2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Settlement Agreement is fully and finally APPROVED in all respects, as fair, reasonable, and

adequate to the Class. The Parties are directed to implement, perform, and consummate the Settlement Agreement in accordance with its terms and provisions.

3. The award of attorneys' fees and costs outlined in the Settlement Agreement is APPROVED.

4. The Court expressly retains jurisdiction until July 25, 2021, or two years after any appeals from this order are finally resolved, whichever is later, as set forth in the Settlement Agreement, in order to enter any further orders that may be necessary or appropriate in administering or implementing the terms and provisions of the Settlement Agreement.

LET JUDGMENT BE ENTERED ACCORDINGLY.

SO ORDERED this 24th day of June, 2019

    s/Patrick J. Schiltz_____
The Honorable Patrick J. Schiltz
United States District Judge